

**Service of Process Transmittal**
05/06/2019
CT Log Number 535422385

| | |
|---|---|
| **TO:** | Tricia Davini, Tax Manager<br>Stockbridge Capital Group, LLC<br>4 Embarcadero Ctr Ste 3300<br>San Francisco, CA 94111-4184 |
| **RE:** | **Process Served in South Carolina** |
| **FOR:** | SCG PATRIOTS PLAZA, LP  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GREGORY LASKY, Pltf. vs. SCO PATROITS PLAZA L.P., Dft. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT(S), COVER SHEET(S) |
| **COURT/AGENCY:** | Charleston County Court of Common Pleas, SC<br>Case # 2019CP101565 |
| **NATURE OF ACTION:** | Complaint for Violation of Federal Law Title III of the Americans with Disabilities Act, 42 U.S.C. 12101, Et Seq. |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/06/2019 at 08:15 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days After Service Hereof, Exclusive of the Day of Such Service |
| **ATTORNEY(S) / SENDER(S):** | Anthony J. Brady, Jr.<br>Law Office of Anthony Brady, Jr.<br>1670-9 Springdale Drive<br>PMB 159.<br>Camden, SC 29020<br>561-603-8387 |
| **REMARKS:** | (Underlined) The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780131058375<br><br>Image SOP |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| | ) | 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | 2019-CP-10-1565 |

| GREGORY LASKY | ) | |
|---|---|---|
| Plaintiff, | ) | FILE NO. |
| vs. | ) | |
| SCG PATROITS PLAZA L.P. | ) | SUMMONS |
| Defendant(s). | ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina.

Dated: March 17, 2019.

S/Anthony Brady
Plaintiff/Attorney for Plaintiff

Address:  Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
561-603-8387
Email: Ladbrady@gmail.om
Attorney ID. 15506

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2019-CP-10-1565 |
| GREGORY LASKY | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | Civil Action |
| vs. | ) | |
| | ) | |
| SCG PATROITS PLAZA L.P | ) | **COMPLAINT** |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, residing at 20 South Main Street, Glassboro, New Jersey by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant resides in Charleston County.

**PARTIES**

2. Plaintiff, resides at 20 South Main Street St Glassboro New Jersey who used to reside in South Carolina. He is a disabled man because of a medical mishap becoming has partial Tetraplegia. As a result he cannot walk and uses a wheelchair. He qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA. The property that is the subject of this suit is a shopping mall commonly called

Patriots Plaza, located a 845 Houston Northcutt Mt. Pleasant, Charleston County, South Carolina.

## STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is, respectfully, submitted that Senator Dole's opinion that the access laws are about dignity,

"Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT.

4. Plaintiff is a frequent traveler to Charleston, South Carolina because

5. On numerous occasions including September 12 ,2018 Lasky was a quest at Defendants' Shopping Mall.

6. His ability to use the services of the shopping mall was impaired because of lack of proper Access to him and the disabled as a whole.

7. Specially, the shopping mall parking does not provide proper parking for the disabled in that it is on acute slopes has lack of proper signage not enough spaces. In that Lasky is a wheelchair user it is more difficult for him to travel from point A to B, therefore, he has been discriminated against under the ADA.

11. The above violations are violations of the federal ADA Title III.

12. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

14. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

15. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

16. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Lasky seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date: March 17, 2019.

By: s/Anthony J. Brady, Jr.
ANTHONY J. BRADY, JR, ESQUIRE
South Carolina Bar No. 15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159.
Camden, South Carolina 29020
Email: ladbrady@gmail.com
5616036387

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Charleston | ) | |
| Lasky | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2019-CP-10-1565 |
| vs. | ) | |
| SC G Patrats Plaza LP | ) | |
| Defendant(s) | ) | |

Submitted By: Anthony J Brady JR E,
Address: 1670-91 Springdale Dr,
PMB 959
Camden, SC 29020

SC Bar #: 15506
Telephone #: 561-603-6387
Fax #: ___
Other: ___
E-mail: LGJbrady@gmail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

**DOCKETING INFORMATION** (*Check all that apply*)
*\*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☒ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) ___ | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

Submitting Party Signature: _[signature]_        Date: 3/21/19

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                     Page 1 of 2

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2019-CP-10-1565 |

| | | |
|---|---|---|
| GREGORY LASKY | ) | |
| Plaintiff, | ) | FILE NO. |
| vs. | ) | |
| SCG PATROITS PLAZA L.P. | ) | SUMMONS |
| Defendant(s). | ) | |

2019 MAR 27 AM 10: 13
JULIE J. ARMSTRONG
CLERK OF COURT

## TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina.

Dated: March 17, 2019.

S/Anthony Brady
Plaintiff/Attorney for Plaintiff

Address:   Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
561-603-8387
Email: Ladbrady@gmail.om
Attorney ID. 15506

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2019-CP-10-1565 |
| GREGORY LASKY | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | Civil Action |
| vs. | ) | |
| | ) | |
| SCG PATROITS PLAZA L.P | ) | COMPLAINT |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, residing at 20 South Main Street ,Glassboro, New Jersey by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant resides in Charleston County.

**PARTIES**

2. Plaintiff, resides at 20 South Main Street St Glassboro New Jersey who used to reside in South Carolina. He is a disabled man because of a medical mishap becoming has partial Tetraplegia. As a result he cannot walk and uses a wheelchair. He qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA. The property that is the subject of this suit is a shopping mall commonly called

Patriots Plaza, located a 845 Houston Northcutt Mt. Pleasant, Charleston County, South Carolina.

## STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,...the mainstreaming of persons with disabilities will result...in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is, respectfully, submitted that Senator Dole's opinion that the access laws are about dignity,

"Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT.

4. Plaintiff is a frequent traveler to Charleston, South Carolina because

5. On numerous occasions including September 12, 2018 Lasky was a quest at Defendants' Shopping Mall.

6. His ability to use the services of the shopping mall was impaired because of lack of proper Access to him and the disabled as a whole.

7. Specially, the shopping mall parking does not provide proper parking for the disabled in that it is on acute slopes has lack of proper signage not enough spaces. In that Lasky is a wheelchair user it is more difficult for him to travel from point A to B, therefore, he has been discriminated against under the ADA.

11. The above violations are violations of the federal ADA Title III.

12. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

14. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

15. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

16. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Lasky seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date: March 17, 2019.　　　　　　　　By: s/Anthony J. Brady, Jr.
　　　　　　　　　　　　　　　　　　　　　ANTHONY J. BRADY, JR, ESQUIRE
　　　　　　　　　　　　　　　　　　　　　South Carolina Bar No. 15506
　　　　　　　　　　　　　　　　　　　　　Law Office of Anthony Brady, Jr.
　　　　　　　　　　　　　　　　　　　　　1670-9 Springdale Drive
　　　　　　　　　　　　　　　　　　　　　PMB 159.
　　　　　　　　　　　　　　　　　　　　　Camden, South Carolina 29020
　　　　　　　　　　　　　　　　　　　　　Email: ladbrady@gmail.com
　　　　　　　　　　　　　　　　　　　　　5616036387

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Charleston | ) | |
| Lusk | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2019-CP-10-1565 |
| vs. | ) | |
| SC G Petro & Plaza LP | ) | |
| Defendant(s) | ) | |

Submitted By: Anthony J Brady Jr Esq
Address: 1670-91 Spring d6f Dr.
PMB 959
Camden, SC 29020

SC Bar #: 15506
Telephone #: 561-603-6387
Fax #:
Other:
E-mail: LgJbrady@gmail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☑ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☑ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☑ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) _____ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) _____ | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

Submitting Party Signature: _[signature]_       Date: 3/21/19

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                 Page 1 of 2

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2019-CP-10-1565 |

| GREGORY LASKY | ) | |
|---|---|---|
| Plaintiff, | ) | FILE NO. |
| vs. | ) | |
| SCG PATROITS PLAZA L.P. | ) | SUMMONS |
| Defendant(s). | ) | |

## TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina.

Dated: March 17, 2019.

S/Anthony Brady

Plaintiff/Attorney for Plaintiff

Address:   Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
561-603-8387
Email: Ladbrady@gmail.om
Attorney ID. 15506

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) ) | 9ᵀᴴ JUDICIAL CIRCUIT<br>2019-CP-10-1565 |
| GREGORY LASKY | ) ) | CASE NO. |
| Plaintiff, vs. | ) ) ) | Civil Action |
| SCG PATROITS PLAZA L.P | ) ) | **COMPLAINT** |
| Defendant(s). | ) | |

Plaintiff, residing at 20 South Main Street, Glassboro, New Jersey by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant resides in Charleston County.

**PARTIES**

2. Plaintiff, resides at 20 South Main Street St Glassboro New Jersey who used to reside in South Carolina. He is a disabled man because of a medical mishap becoming has partial Tetraplegia. As a result he cannot walk and uses a wheelchair. He qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA. The property that is the subject of this suit is a shopping mall commonly called

Patriots Plaza, located a 845 Houston Northcutt Mt. Pleasant, Charleston County, South Carolina.

## STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is, respectfully, submitted that Senator Dole's opinion that the access laws are about dignity,

"Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both, because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT.

4. Plaintiff is a frequent traveler to Charleston, South Carolina because

5. On numerous occasions including September 12 ,2018 Lasky was a quest at Defendants' Shopping Mall.

6. His ability to use the services of the shopping mall was impaired because of lack of proper Access to him and the disabled as a whole.

7. Specially, the shopping mall parking does not provide proper parking for the disabled in that it is on acute slopes has lack of proper signage not enough spaces. In that Lasky is a wheelchair user it is more difficult for him to travel from point A to B, therefore, he has been discriminated against under the ADA.

11. The above violations are violations of the federal ADA Title III.

12. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

14. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

15. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

16. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Lasky seeks:

    a) Injunctive relief under the ADA.

    b) Attorney fees and costs of suit under the ADA.

Date: March 17, 2019.    By: s/Anthony J. Brady, Jr.
ANTHONY J. BRADY, JR, ESQUIRE
South Carolina Bar No. 15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159.
Camden, South Carolina 29020
Email: ladbrady@gmail.com
5616036387

**STATE OF SOUTH CAROLINA**

COUNTY OF Charleston

_Lusk_
    Plaintiff(s)

vs.

SC G Patrots Pazo LP
    Defendant(s)

Submitted By: Anthny J Brady Jr Esq
Address: 1670-91 Spring d6l Dr
PMB 959
Camden, SC 79620

**IN THE COURT OF COMMON PLEAS**

CIVIL ACTION COVERSHEET

2019 -CP- 10-1565

SC Bar #: 15506
Telephone #: 561-603-6387
Fax #:
Other:
E-mail: LgdBrady@gmail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.    ☑ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☑ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☑ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) ___ | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _[signature]_    Date: 3/21/19

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)    Page 1 of 2